**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO BUCIO ABARCA, | No. 18-72458 |
| Petitioner, | Agency No. A087-749-599 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2022**
Pasadena, California

Before: RAWLINSON and CHRISTEN, Circuit Judges, and SIMON,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Pedro Bucio-Abarca (Bucio-Abarca), a citizen of Mexico, petitions for review of the Immigration Judge's (IJ's) negative reasonable fear determination and the IJ's finding that Bucio-Abarca was not a credible witness. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review an IJ's negative reasonable fear determination for substantial evidence and must uphold the determination "unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018) (citation and internal quotation marks omitted).

**1.** Substantial evidence supports the IJ's determination that Bucio-Abarca failed to show that the harm he feared was on account of a protected ground.

Bucio-Abarca testified that his fear of returning to Mexico stems from an incident in 2009. Bucio-Abarca was driving on a highway in California when he was stopped by Immigration officials. The officials asked if they could search the vehicle, and Bucio-Abarca stated that the vehicle belonged to someone else. Bucio-Abarca was detained, processed, and allowed to return to Mexico. After returning to Mexico, Bucio-Abarca learned that officers had impounded the vehicle, found drugs inside, and issued a warrant for his arrest. The owner of the vehicle contacted Bucio-Abarco and asked for his location in Mexico and a

2

description of his clothing. Subsequently, unknown individuals in a truck arrived and took Bucio-Abarca to a house where they "tied [his] feet and chest," "pull[ed]" his body, slapped him, and demanded to know where the drugs from the vehicle were. When asked why the assailants harmed him, Bucio-Abarca responded: "Because they wanted their drugs." Bucio-Abarca testified that the same individuals threatened him on a second occasion and stated: "[R]emember what we told you? You have to pay whatever they took away from you over there."

Bucio-Abarca maintains that he was targeted based on his membership in the proposed social groups of "individuals who have interfered with drug trafficking operations" and "perceived drug traffickers." Bucio-Abarca also asserts that "the cartel members likely imputed some sort of anti-drug or anti-cartel political opinion onto him." However, we have held that a "desire to be free from harassment by criminals . . . bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010), *as amended* (citation omitted). Likewise, we have held that "personal retribution is, of course, not persecution on account of political opinion." *Grava v. INS*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000). Therefore, Bucio-Abarca's proposed groups are not cognizable for purposes of withholding of removal. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (concluding that general opposition to gang activity is not a

3

political opinion), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

Further, there is no evidence in the record that Bucio-Abarca was politically active or made any anti-cartel or anti-drug political statements. *See id.* (noting the absence of a protected ground when there was "no evidence in the record that [petitioners] were politically active or made any anti-gang political statements") (citation omitted).[1]

**2.** Bucio-Abarca failed to advance any argument in his Opening Brief that he is eligible for CAT protection and has therefore waived this issue. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996). In any event, Bucio-Abarca presented no evidence that he would be tortured by, or with the acquiescence of a government official. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014), *as amended*.

**PETITION DENIED.**

---

[1] Because substantial evidence supports the determination that Bucio-Abarca failed to establish a nexus between the asserted harm and a protected ground, we need not address the adverse credibility determination. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [petitioner's] asylum and withholding of removal claims.")